IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07-CV-492-WHA |
| ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

In this 42 U.S.C. § 1983 action, Michael Wayne Bryant ["Bryant"], a county inmate, challenges the denial of bail by a state court and conditions of confinement at the Lee County Detention Center. Bryant names the State of Alabama as the sole defendant in this cause of action. However, the State of Alabama is immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). Moreover, "a State is not a 'person' within the meaning of § 1983 . . ." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, Bryant has no basis on which to proceed on his claims against the State of Alabama as his claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[1] Additionally, Bryant's claim challenging the denial of bail is not properly before the court in a 42 U.S.C. § 1983 action. *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198, 1199 (2006) ("The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi*

---

[1] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

*Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)."); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). The court further notes that success on Bryant's challenge to the denial of bail would necessarily impact the duration of his present incarceration and, consequently, this claim is likewise not cognizable in a section 1983 action for such reason. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994). "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973)." *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1699 (1998). Thus, the only claims properly before this court are those challenging the conditions of confinement at the Lee County Detention Center. As is clear from the foregoing, Bryant has failed to name a defendant against whom his conditions claims may properly proceed before this court. Accordingly, it is

    ORDERED that on or before June 21, 2007 the plaintiff shall file an amended

complaint which:

    1. Identifies the individuals personally responsible for conditions of confinement to which he is subjected at the Lee County Detention Center..

    2. Specifically describes how each named defendant violated his constitutional rights.

In responding to this order, the plaintiff is advised that he must set forth short and plain statements showing why he is entitled to relief with respect to his claim alleging a denial of medical treatment. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. ***The plaintiff is further advised that this case will proceed only on the claims challenging the conditions of confinement at the Lee County Detention Center as presented in the amended complaint and against those defendants who are properly identified in the amended complaint.***

The plaintiff is cautioned that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed.

Done this 6th day of June, 2007.

    /s/ Wallace Capel, Jr.
    WALLACE CAPEL, JR.
    UNITED STATES MAGISTRATE JUDGE