IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07-CV-492-WHA |
| ) | [WO] |
| ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Michael Wayne Bryant ["Bryant"], a county inmate, filed this 42 U.S.C. § 1983 action on June 5, 2007. Upon review of the complaint, the court determined Bryant had named an entity immune from suit as the sole defendant in this cause of action. The court further determined that:

> Bryant's claim challenging the denial of bail is not properly before the court in a 42 U.S.C. § 1983 action. *Lance v. Dennis*, 546 U.S. 459, ____, 126 S.Ct. 1198, 1199 (2006) ("The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)."); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). The court further notes that success on Bryant's challenge to the denial of bail would necessarily impact the duration of his present incarceration and, consequently, this claim is likewise not cognizable

> in a section 1983 action for such reason. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994). "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973)." *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1699 (1998). Thus, the only claims properly before this court are those challenging the conditions of confinement at the Lee County Detention Center. As is clear from the foregoing, Bryant has failed to name a defendant against whom his conditions claims may properly proceed before this court.

*Order of June 6, 2007 - Court Doc. No. 4 at 1-2.*

In light of the foregoing, the court deemed it necessary that Bryant file an amended complaint and required that he undertake such action. *Id*. at 2-3. The court specifically cautioned Bryant that his "fail[ure] to comply with the directives of this order" would result in entry of a recommendation "that this case be dismissed." *Id*. at 3. The time allowed Bryant for filing an amended complaint in compliance with the directives of the aforementioned order expired on June 21, 2007. As of the present date, Bryant has failed to file the requisite amended complaint. The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint in compliance with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that on or before July 12, 2007 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 29th day of June, 2007.

      /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE